[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT CEDARCRESTHOSPITAL
The plaintiff, by amended complaint, sets forth her claims against this defendant in the second count thereof. The plaintiff claims that the injuries which she sustained when she jumped from the moving ambulance were caused by the defendant Cedarcrest Hospital having prematurely and inappropriately discharged her from this psychiatric hospital operated by the State of Connecticut.
The plaintiff claims, specifically that the defendant "violated § 17a-542 of the Connecticut General Statutes in that this defendant allowed the Plaintiff to be discharged without appropriate arrangements for her post discharge aftercare;"
General Statutes § 17a-542 provides, in part: CT Page 11898 ". . . Each patient shall be treated in accordance with a specialized plan suited to his disorder. Such treatment plan shall include a discharge plan which shall include, but not be limited to, . . . (3) planning for appropriate aftercare to the patient upon his discharge."
The defendant moves to strike, claiming that because the failure of the defendant is phrased as one of five sub paragraphs designated "acts or omissions of negligence", that the claim is barred by the doctrine of sovereign immunity.
General Statutes § 17a-550 grants to persons aggrieved by a violation of General Statutes § 17a-542 the right to "bring a civil action for damages." Here the legislature has waived sovereign immunity as pertains to claims arising out of the violation of this statute. The waiver of immunity is a general waiver for those purposes, and is not limited to intentional violations of the statute vs careless or inadvertent violations of that statutory duty.
The position taken by the defendant is a matter of semantics rather than a matter of substance. By describing the claimed violation of the statute as an act or omission of negligence, rather than to allege simply that it was an act or omission prohibited by statute, does not cause the allegation to be anything less then a claim of violation of the statute which, at law, gives rise to a cause of action for which sovereign immunity has been waived by the legislature.
The inclusion of alleged acts or omissions which do not come within the pervue of the statute does not defeat the entire cause of action. The plaintiff has pleaded a cause of action which is specifically excluded from the prohibitions generally imposed by sovereign immunity.
The motion to strike is denied.
L.P. Sullivan, J.